IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Ch'ville
NOV 15 2007
JOHN F. CORCORAN, CLERK
BY: Fay Woleman
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:07cr00010 |
| v. | |
| SHINDER S. GANGAR ET AL., | MEMORANDUM OPINION & ORDER |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Mark Smyth's Motion to Quash and Suppress Evidence filed on September 10, 2007. I heard oral argument on November 8, 2007, at which time Defendant Gregory Smyth joined the motion. On November 14, 2007, Mark Smyth filed a supplemental affidavit.

The Smyths seek the suppression of evidence, including deposition testimony, obtained from them by the Securities and Exchange Commission (SEC) during the course of its civil enforcement action in *SEC v. Dowdell et al.*, No. 3:01cv0116 (W.D. Va.). According to the Smyths, "the SEC mislead [*sic*] your Defendant[s] into cooperating with the SEC for the benefit of the FBI, the Department of Justice and other law enforcement or police officials," and thus violated their Fifth and Sixth Amendment rights. As the legal basis for suppressing evidence under such circumstances, the Smyths rely principally on *United States v. Stringer*, 408 F. Supp. 2d 1083, 1087–88 (D. Or. 2006), and *United States v. Scrushy*, 366 F. Supp. 2d 1134, 1139 (N.D. Ala. 2005). They also seek an evidentiary hearing at which they intend to develop facts in support of their motion in addition to those alleged in the motion and in Mark Smyth's affidavit.

- 1 -

The government not only opposes the motion on its merits, but also argues that an evidentiary hearing is not warranted and would allow the Smyths to obtain discovery to which they would not otherwise be entitled under the Federal Rules of Criminal Procedure.

The principal standard applied in cases such as *Stringer* and *Scrushy* is derived from *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977), in which the Fifth Circuit held that the fruits of a consent search must be suppressed "if the consent was induced by the deceit, trickery or misrepresentation" of the government agent. *Id.* at 299. However, as the court explained:

> [T]he mere failure . . . to warn . . . that the investigation may result in criminal charges, absent any acts by the agent which materially misrepresent the nature of the inquiry, do not constitute fraud, deceit and trickery. Therefore, the record . . . must disclose some affirmative misrepresentation to establish the existence of fraud, and the showing must be clear and convincing.

*Id.* (quoting *United States v. Prudden*, 424 F.2d 1021, 1033 (5th Cir. 1970)); *see also United States v. Allen*, 683 F.2d 114, 115 (4th Cir. 1982) (applying the *Tweel* standard in upholding a district court's admission of evidence because the appellant "can point to no active fraud or deception on the part of the [government] authorities").

Although *Tweel* dealt with a Fourth Amendment issue, "various courts," including those in *Stringer* and *Scrushy*, "have extended similar principles into the realm of statements acquired in violation of the Fifth Amendment." *United States v. Carriles*, 486 F. Supp. 2d 599, 616 (W.D. Tex. 2007); *see also United States v. Olmstead*, 698 F.2d 224, 226 (4th Cir. 1983) ("Physical coercion need not be shown to establish that a statement is involuntary. Fraud, deceit, or trickery, even silence when there is a duty to speak, may suffice." (citing *Prudden*, 424 F.2d at 1032)). Moreover, "[t]he practice of excluding statements obtained as a result of 'government deception' has found widespread acceptance in the context of securities fraud." *Carriles*, 486 F. Supp. 2d at 617.

In *United States v. Mahaffy*, a court in the Eastern District of New York faced

circumstances similar to those presented here, and its reasoning is instructive:

> An evidentiary hearing is only required "if 'the moving papers are sufficiently
> definite, specific, detailed, and non-conjectural to enable the court to conclude that
> contested issues of fact . . . are in question.'" *United States v. Watson*, 404 F.3d 163,
> 167 (2d Cir. 2005) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)).
> In *Stringer*, *Scrushy* and *Thayer*, for example, the Court's inquiry into the
> Government's investigation was occasioned by some threshold evidentiary showing
> giving rise to a reasonable concern about intertwinement. *See, e.g., Stringer*, 408 F.
> Supp. 2d at 1087 (quoting misleading statements by S.E.C. investigator about the
> existence of the criminal investigation); *Scrushy*, 366 F. Supp. 2d at 1135 ("[t]he
> Defendant filed this motion as a direct result of the trial testimony of Neil Seiden,
> Senior Accountant with the S.E.C." that the USAO had decided the location of
> Scrushy's deposition); [*United States v.*] *Thayer*, 214 F. Supp. [929,] 931 [(D. Colo.
> 1963)] (summarizing testimony of S.E.C. investigator at trial). [Defendant] has
> failed to produce evidence that leads the court to question whether the investigation
> was improperly conducted. His conclusory assertions that the government
> misrepresented his status at the time of his interview, misled him into making false
> statements, and that the S.E.C. operated as a surrogate for the USAO, without more,
> do not warrant an evidentiary hearing.

*United States v. Mahaffy*, 446 F. Supp. 2d 115, 127 (E.D.N.Y. 2006).

Like the Defendants in *Mahaffy*, the Smyths have failed to make a "threshold evidentiary

showing giving rise to a reasonable concern about intertwinement," *id.*, between the civil and

criminal investigations. Even assuming that the facts they allege are true, those facts do not

"lead[] the court to question whether the investigation was improperly conducted." *Id.* Of

course, "Fifth amendment and ethical concerns obviously would be raised . . . if the government

directly or indirectly sponsored a civil lawsuit or discovery requests in a civil law suit for the

purpose of aiding a criminal investigation." *In re Grand Jury Subpoena*, 836 F.2d 1468, 1472

(4th Cir. 1988) (citing *United States v. Kordel*, 397 U.S. 1, 10–11 (1970)). Yet the facts the

Smyths allege do not give rise to an inference that the government did so in this case; indeed,

they offer no evidence whatsoever that, at the time the Smyths were cooperating, the SEC was acting at the behest of law enforcement or had any interest in the Smyths outside the civil enforcement action. Instead, they make only "conclusory assertions," *Mahaffy*, 446 F. Supp. 2d at 127, that the SEC was acting "as an agent for or at the direction of [the] FBI and other law enforcement authorities" during the course of its civil investigation.

Moreover, even assuming the facts alleged are true, they do not suggest any affirmative misrepresentation on the part of the government. Instead, they suggest that the Smyths were well aware of the FBI's involvement in the investigation, and that Mark Smyth gave his deposition testimony after Terry Dowdell had already pled guilty in federal court to criminal charges arising out of the same scheme the Smyths are alleged to have participated in. Moreover, Mark Smyth admits that they were informed that they were targets of a criminal investigation over two years before they were indicted. Although they were apparently lied to by Terry Dowdell, the Smyths point to no affirmative misrepresentation on the part of the government that could constitute fraud, deceit, or trickery under the *Tweel* standard. Indeed, the facts alleged tend to support the government's claim that the SEC acted properly and in furtherance of its civil enforcement action.

Although it is impossible to completely rule out the *possibility* that the SEC was acting at the direction of law enforcement, the facts alleged by the Smyths do not rise to even a "threshold evidentiary showing giving rise to a reasonable concern" regarding law enforcement involvement or affirmative misrepresentation. Accordingly, these facts do not justify an evidentiary hearing, nor can they satisfy the *Tweel* standard. As the Fourth Circuit explained in affirming a district court's denial of an evidentiary hearing on a Fourth Amendment motion to suppress:

[W]e cannot say that the district court erred in failing to conduct an evidentiary hearing.  Even if we were to accept the version of events as set forth in the employee affidavits, Appellants were not entitled to suppression . . . . Appellants offered no support for their conclusory claim that the search warrant was 'mere subterfuge' to detain and interrogate the employees.

*U.S. v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 240 (4th Cir. 2001), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004).  Similarly, the Smyths are not entitled to an evidentiary hearing, and I must deny their motion to suppress.

## ORDER

For the above-stated reasons, Defendants Mark and Gregory Smyth's joint Motion to Quash and Suppress Evidence (docket entry no. 147) is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

Nov. 15, 2007
Date

- 5 -